## JOSEPH HARPER and ELIZABETH, his Wife, and WILLIAM WARREN v. BENJAMIN WARREN, Surviving Administrator of John Warren.

Orphans' Court.   Kent.   February 20, 1823.

*Ridgely's Notebook IV, 148.*

THE CHANCELLOR.   In considering this question we must be governed by the rules established in courts of equity, for in courts of law a co-plaintiff cannot be examined as a witness. Neither can a plaintiff examine a defendant as a witness, but a defendant in some cases may examine a co-defendant; as in actions of tort, no material evidence being given against one, the other defendant may examine him, 2 Ves.Sr. 222.   And in a court of chancery, a co-plaintiff and a co-defendant may, under particular circumstances, be examined, provided such plaintiff or defendant has no interest.

In this Court we must adopt, by analogy, the rules of the Court of Chancery, as far as they are applicable; for as to cases which belong to this court, it is a court of equity, and the rules of evidence should be alike, although the mode of obtaining testimony may differ.

Here William Warren, a co-appellant has assigned to Joseph Harper, one of the other appellants, his share or interest in a certain bond alleged to have been made to the intestate, John Warner, by Benjamin Gibbs, in relation to which this examination of him is desired.   The exceptions filed to these accounts are in the names of Joseph Harper and Elizabeth, his wife, and the said William Warren.   Elizabeth, the said wife of Harper, and the said William Warren are the heirs at law of John Warren, deceased, so that they had a common interest in all the matters in controversy, until this assignment was made; and that assignment is made of William Warren's part of the supposed bond made by Benjamin Gibbs only, leaving his claim or demand of the other matters contained in these accounts unimpaired.

This assignment and this motion were made after the parties had gone to hearing, and after the parties had examined several witnesses, two at least, Caleb Barrett and Samuel Warren, as to this supposed bond of Benjamin Gibbs, upon the very point on which it is desired that he, William Warren, a co-appellant, should be examined as a witness. He, William Warren, cannot be sworn as a witness.

First, it is too late at this stage of the cause. If a co-defendant examines witnesses, without collusion between him and the plaintiff, he is considered as interested, and cannot be examined. 1 Ves.Jr. 122, 123, 124. If the answer of defendant be replied to, he is considered as interested and cannot be examined. 2 Madd. Ch. 316. The mode would be, before the hearing, to strike the co-appellant's name out of the appeal. This is the practice in Chancery, but I should doubt it on an appeal; for all the heirs are concerned in the accounts, and it would be expensive and inconvenient to take two appeals on the same account. But on this I give no decided opinion, though I see an inconvenience, but in this stage of the case, with the circumstances of examination of other witnesses, it should not be permitted.

Second, all such examinations of parties are made on a release being given to the opposite side. It is certain that William Warren is considerably interested in the case.

But my strong objection is to his examination in this stage of the cause, after he has proceeded to a hearing, and has, with the co-appellants, examined witnesses about this supposed bond.